**UNITED STATES of America,**

v.

**Curtis Marshall DIXON, Appellant.**

No. 01–3750.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 11, 2002.

Filed April 22, 2002.

Before McKEE, FUENTES, and POGUE, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Defendant argues that the statute under which he was convicted, 18 U.S.C. § 922(g) is an unconstitutional exercise of congressional authority under the Commerce Clause, and that the enhancement that he received for a prior felony conviction should have been submitted to the jury under the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

As we write only for the parties, we need not reiterate the factual background and circumstances of this dispute. Rather, we need only state that the defendant's Commerce Clause claim is foreclosed by our decision in *United States v. Singletary,* 268 F.3d 196 (3d Cir.2001), and his Apprendi argument is foreclosed by the language of Apprendi itself (excluding the situations, like the defendant's, where enhancement results from a prior conviction), and the Supreme Court's subsequent clarification of Apprendi in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Accordingly, the judgment of conviction entered on October 1, 2001 will be affirmed.